On Application for Rehearing.
 

 PER CURIAM.
 

 It appears from the order of the district judge of the Sixth judicial district, signed on the 7th day of December, 1926, and attached to the application for rehearing made by the Pigeon-Thomas Iron Company, plaintiff, that the Louisiana highway commission is directed to pay into the registry of the district court of said 'district the sum of $10,637.19, to be applied to the payment of such claims as have been reduced to final judgment in the concursus proceedings, and that the clerk of the district court is instructed in said order to retain in the registry of the lower court an amount sufficient to cover final judgment on appeal in said concursus proceedings.
 

 It also appears from affidavit of the attorney for plaintiff, attached to application for rehearing, that the Louisiana highway commission has complied with said order, and that the clerk of the district court of said district is now the custodian and in possession of said funds other than the portion paid under the order of the district court.
 

 For these reasons, plaintiff has prayed in its application for rehearing that the judgment in its favor be amended so as to provide for the payment of said judgment out of the funds retained by the Louisiana highway commission, and by it deposited in the
 
 *841
 
 district court of the Sixth judicial district of this state.
 

 The order of the district judge made in reference to the funds in the hands of the Louisiana highway commission was not included in the transcript when our original decree was handed down in this case.
 

 As plaintiff is the owner of the judgment sought to be amended, we see no good reason why our original decree should not be amended as prayed for. It is therefore ordered that our original decree in this ease be and is hereby so amended as to read as follows: For the reasons assigned, the rule nisi herein issued is niade absolute, and, accordingly, the judgments of the district court and the Court of Appeal herein rendered are set aside, and it is now ordered that there be judgment in favor of the Pigeon-Thomas Iron Company and against Drew Bros, and the individual members of said firm, jointly and in solido, in the full sum of $402.85, with legal interest thereon from August 25, 1924, until paid and costs, the amount of said judg'ment to be paid out of the funds retained by tlie Louisiana highway commission and by it deposited in the district court in and for the parish of Madison under order of said court of date the 7th day of December, 1926.